**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| GUSTINE GASTON, JR., ) | |
|     ID # 1214662, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:16-CV-724-M (BH) |
| ) | |
| LORIE DAVIS,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I. BACKGROUND**

Gustine Gaston, Jr. (Petitioner), challenges a disciplinary conviction.[2] (Doc. 1. at 5.) In January 2004, he was convicted of robbery in cause numbers F0352421, F0352422, and F0352423, in Dallas County, Texas, and received a 99-year sentence in each case. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=02207724. While serving his sentences, he was charged with an inappropriate relationship. (Doc. 1 at 5.) The disciplinary case was brought against him at the Michael Unit, and the disciplinary proceeding was conducted at the LeBlanc Unit. (*Id.*) On December 28, 2015, the disciplinary hearing officer found Petitioner

---

[1] On May 4, 2016, Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis "is automatically substituted as a party."

[2] Petitioner states that he challenges disciplinary cause number 20160112465, but he also asks that disciplinary cause number 20160150701 be overturned. (Doc. 1 at 5, 7.) He does not allege any error in 20160150701, only that the facts in 20160150701 support his argument that he did not commit the disciplinary offense in 20160112465. (*Id.* at 11-12.)

guilty and assessed his punishment at a reduction in time-earning status, 45 days' commissary and recreation restriction, and a one-year set-off of parole review. (*Id*.) Petitioner alleges he filed Step One and Step Two grievances challenging this disciplinary conviction, and both were denied. (*Id*. at 5-6.) His petition for federal habeas relief under 28 U.S.C. § 2254 was received on March 15, 2016. (*Id*. at 1.)

## II. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates who are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

Petitioner states he did not lose any good-time credits due to the disciplinary charges, so the

the disciplinary action did not implicate a protected liberty interest. Also, he states he is ineligible for mandatory supervision. (Doc. 1 at 5.) It appears that he is not eligible for mandatory supervision as a result of his convictions for robbery under the version of Texas Government Code § 508.149(a)(11) in effect at the time he committed the offenses. *See* Act of June 14, 2001, 77th Leg., R.S., ch. 786, § 3, 2001, Tex. Gen. Laws 1529-30 (noting that an inmate may not be released to mandatory supervision if serving a sentence for an offense under Tex. Pen. Code § 29.02 (robbery); *see generally Bagby v. Karriker*, 539 F. App'x 469, 469 (5th Cir. 2013) (noting that prisoner's robbery conviction disqualified him from release on mandatory supervision). Because Petitioner is not eligible for mandatory supervision, even if he did lose good-time credits, a protected liberty interest is not implicated.

To the extent that Petitioner is challenging his reduction in line status, he also has no constitutionally protected property or liberty interest in his classification or the loss of opportunity to accrue good-time credits. *Malchi*, 211 F.3d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Likewise, commissary and recreation restrictions do not implicate due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Id.*; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. June 6, 2011).

As for the one-year set-off of parole review, there is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on

3

parole, a habeas petitioner cannot state a constitutional violation based upon a set-off of parole review. *Id*. at 305, 308-09.

Because Petitioner has no constitutional right that was violated by his disciplinary conviction, his federal habeas petition should be summarily dismissed.

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SO ORDERED** this 8th day of June, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE